# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRANCE STOKES, | ) | ID NO. 1706006325B |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Decided: January 13, 2022

*Upon the Defendant's Motion for Postconviction Relief Pursuant to Rule 61.*
**SUMMARILY DISMISSED.** *Upon the Defendant's Motion for a Modified Sentence.* **DENIED.**

## ORDER

Rebecca Song, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Terrance Stokes, *Pro Se*.

**SCOTT, J.**

This 13th day of January 2022, upon consideration of Defendant's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 and Rule 35, it appears that:

1. Terrance Stokes ("Stokes") has filed a second *pro se* Motion for Postconviction Relief, pursuant to Superior Court Criminal Rule 61. For the reasons set forth below, Stokes' Motion is **SUMMARILY DISMISSED.**

2. On February 13, 2018, Stokes pled guilty to one count of Possession of a Firearm by a Person Prohibited ("PFBPP"). He was immediately sentenced to fifteen (15) years at Level V incarceration, suspended after the minimum-mandatory term of five years at Level V for eighteen (18) months supervision Level III. Stokes did not file a notice of appeal for the conviction or sentence.

3. Instead, Stokes filed an original Motion for Postconviction Relief raising among other things, an allegation of ineffective assistance of counsel, and that Motion was **DENIED** on August 5, 2020. Stokes appealed to the Supreme Court and the Supreme Court **AFFIRMED** on March 26, 2021.

4. On August 27, 2020, Stokes filed this Second Motion for Postconviction Relief, again alleging ineffective assistance of counsel. Stokes contends he should be afforded postconviction relief because his counsel was ineffective as he did not object to the Court's consecutive sentencing as Stokes would not

have accepted the plea if he was aware of a consecutive sentence. Also contained in his Second Motion for Postconviction Relief is a Motion to Modify Sentence pursuant to Superior Court Criminal Rule 35. Stokes believes he should be afforded a modified sentence because the "sentences ordered to be served consecutive rather than concurrent" and "court failed to apply minimum sentencing procedures."

5. Before addressing the merits of any postconviction relief claim, the Court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61 and is not procedurally barred.[1] If a procedural exists, then the Court will not consider the merits of the postconviction claim.[2]

6. The Court assessed the procedural bars of Rule 61 and finds Stokes' second Motion for Postconviction Relief must be summarily dismissed under Rule 61(d)(2).[3] As previously recognized, this is Stokes' second motion for postconviction relief. Rule 61(d)(2) provides a second or subsequent postconviction motion under Rule 61 shall be summarily dismissed.[4] Rule 61(d)(2) further explains two exceptions to summary dismissal, however,

---

[1] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[2] *Id.*
[3] Del. Super. Ct. Crim. R. 61(d)(2).
[4] *Id.*

these exceptions are only available to defendants who were "convicted at a trial."[5] Defendants who were convicted at trial may avoid summary dismissal by:

> (i) plead[ing] with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii) plead[ing] with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[6]

7. Under these facts, Stokes may not attempt to use either exception because he pled guilty, he was not convicted after a trial.[7] Regardless to finding either exception would not be available to Stokes, neither exception applies. Stokes attempts to claim his counsel was ineffective at his sentencing hearing for not objecting to a consecutive sentencing. This is not pleading with particularity new evidence is in existence to create a strong inference of an actual innocence claim nor is it pleading with pleading with particularity a claim that

---

[5] *Id.*

[6] Del. Super. Ct. Crim. R. 61(d)(2)(i)–(ii).

[7] *Norwood v. State*, 2017 WL 4001838, at *1 (Del. Sept. 11, 2017) (citation omitted) ("Rule 61(d)(2) provides that a second or subsequent motion for postconviction relief shall be summarily dismissed unless the movant was convicted after a trial and the motion satisfies the pleading requirements of subsections (2)(i) or (2)(ii). Here, because the motion was Norwood's second motion for postconviction relief following a guilty plea, the motion was subject to summary dismissal under Rule 61(d)(2).")

a new retroactive rule of constitutional law applies to his case and renders his conviction invalid. Therefore, even if the Court were to set aside the requirement Stokes be convicted at trial, Stokes does not satisfy Rule 61(d)(2)(i) or Rule (61)(d)(ii) to avoid summary dismissal. Thus, Stokes' Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

8. As for Stokes' Motion for a Modified Sentence, the sentence in this case was imposed pursuant to a Plea Agreement. Pursuant to Criminal Procedural Rule 11(c)(1), the Court addressed the defendant personally in open court and determined that the defendant understood the nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law, and the maximum possible penalty provided by law. Accordingly, the defendant acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case. Additionally, under Superior Court Criminal Rule 35, Stokes' Motion for Reduction of Sentence must have been made within 90 days of the imposition of the sentence unless extraordinary circumstances exist.[8] The Motion was filed more than 90 days after the imposition of the sentence and is, therefore, time barred. The Court does not find the existence of any extraordinary circumstances. The sentence

---

[8] Super. Ct.Crim. R. 35(b).

5

is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court which would warrant a reduction or modification of this sentence.

9. The Court did not abuse its discretion by imposing consecutive sentencings. The Sentencing Order clearly indicated that all sentences of confinement shall run consecutive. Stokes fails to present an argument as to why the Court should have sentenced concurrently. Stokes' Motion for a Modified Sentence is **DENIED.**

**IT IS SO ORDERED.**

<u>**/s/ Calvin L. Scott**</u>
**Judge Calvin L. Scott, Jr.**